IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-22216-KMM

ORELVY CARRERO-GOMEZ,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Movant Orelvy Carrero-Gomez's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 1). THIS MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge, who issued a Report (ECF No. 13) recommending that the motion be denied. Movant filed a Response to the Report (ECF No. 15) and the Government filed a Reply (ECF No. 16) to Movant's Response.

Movant asserts a new claim in his Response to the Magistrate Judge's Report. The Movant claims his attorney, Paul Donnelly, was ineffective by not advocating that the seriousness of the Movant's criminal history was overstated in the Presentence Investigation Report (PSI). This claim is untimely and thus barred. The statute of limitations in this case ran on July 23, 2011, and Movant's claim needed to be raised by that date in order to be timely.

Despite the running of the statute of limitations, if a prisoner amends or supplements his § 2255 motion after the statute of limitations expires, the new claims are still timely if they relate back to one of the claims in the original motion. Fed.R.Civ.P. 15(c). For an untimely claim to relate back in a § 2255 proceeding, it "must have more in common with the timely filed claim

1

than the mere fact that they arose out of the same trial and sentencing proceedings." Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir.2000). "[I]n order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." Id.  An amendment that serves to expand facts or cure deficiencies in an original claim relates back to the original claim. Dean v. United States, 278 F.3d 1218, 1223 (11th Cir. 2002).  The Movant's new claim does not relate back to a timely filed claim.  In this new claim, the Movant believes his counsel was ineffective for not arguing that his prior offenses were not serious. His prior safety valve claim asserted that he should have been granted relief pursuant to U.S.S.G. § 5C1.2, which provides relief for a *miscalculation* of a defendant's criminal history, but not for a challenge based upon the seriousness of a defendant's prior offenses.

In any event, even if the claim were timely, the claim fails on the merits.  To prevail on a claim of ineffective assistance of counsel, the Movant must establish that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687(1984).

The Movant was assessed two history points because of his prior convictions.  However, the Movant believes his criminal history overstated the seriousness of his prior offenses. He argues the first offense, a burglary conviction, should not count because it occurred almost ten years ago, and the second offense, a petit theft, should also not be considered because adjudication was withheld.  However, if such a departure from the guidelines was warranted, the statutory mandatory minimum sentence remains unaffected.  United States v. Orozco, 121 F.3d 628, 629-30 (11th Cir. 1997) (downward departure on grounds that defendant's criminal history was overstated

did not warrant application of the safety valve provision allowing the district court to sentence below statutory mandatory minimum sentence).

In the case at bar, Attorney Donnelly's failure to seek a departure based upon the grounds that the Movant's criminal history was over-represented was not objectively unreasonable. Strickland, 466 U.S. at 687. The Court does not have jurisdiction to deviate from the mandatory minimum absent statutory authority. Title 18 U.S.C. § 3553(e) and (f) permit the Court to sentence below the statutory mandatory minimum only if a defendant has substantially cooperated with law enforcement or is safety valve eligible. Orozco, 121 F.3d at 629-30. Neither of those reasons for departure from the mandatory minimum were available to the Movant at sentencing. Even if Movant's Attorney had attempted to argue for such a departure it would have been of no moment, and the outcome would have been the same. Movant's prior convictions were properly considered. Movant's additional claim is therefore not only untimely, it is without merit.

Accordingly, upon consideration of the Motion, the Report, Movant's Response, the Government's Reply, and after a de novo review of the record, it is hereby

ORDERED AND ADJUDGED that the Motion (ECF No. 1) is DENIED. It is further

ORDERED AND ADJUDGED that Magistrate Judge White's Report and Recommendation (ECF No. 13) is ADOPTED. The Clerk of the Court is instructed to CLOSE this case. All pending motions not otherwise ruled upon are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this 27th day of February, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record